**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MERRYL SUE ENG,

    Plaintiff,

        v.

SCRANTON UC SERVICE CENTER, PA
DEP'T OF LABOR AND INDUSTRY

    Defendants.

NO. 3:08-CV-1213

(JUDGE CAPUTO)

## MEMORANDUM

    Presently before the Court is Defendants' Motion to Dismiss or in the Alternative for a More Definite Statement. (Doc. 13).  For the reasons detailed below, Defendants' motion will be granted with respect to the motion to dismiss Plaintiff's claims brought pursuant to the Americans with Disabilities Act and will be denied with respect to the motion for a more definite statement.

    The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.

## BACKGROUND

    Plaintiff Meryl Sue Eng, appearing here *pro se*, is a former employee of the Scranton UC Service Center ("Scranton Service Center") located in Taylor, Pennsylvania, working at this facility in the position of UC Interviewer starting in November 2001.  During the course of her employment at the Scranton Center, the Plaintiff filed numerous complaints with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission.  Five (5) of these PHRC complaints are relevant to the case

currently before the Court.

In August 2005, Eng filed a complaint against the Commonwealth of Pennsylvania, Department of Labor ("PA DOL") and Industry and Scranton UC Service Center alleging that she had been harassed by co-workers due to her Jewish faith. (PHRC Compl. 200500669, Doc. 1, at 46-50.)  In this complaint the Plaintiff alleged that she was subjected to threats of physical violence from Marie Jones, a co-worker, that the Plaintiff's supervisor, Andrea Matter, told Plaintiff that she could not discuss claimants with other co-workers, and that the Plaintiff was the recipient of literature urging her to convert from Judaism to Christianity. (*Id*.) On August 21, 2007, the PHRC notified Plaintiff Eng that this complaint had been dismissed for a failure to establish the probable cause required to credit the allegations of unlawful discrimination.  (Aug. 21, 2007 PHRC Letter, Doc. 1, at 26-27.)  On May 1, 2008, the EEOC notified Plaintiff Eng that the PHRC decision had been adopted, and notified Eng of her right to sue. (May 1, 2008 EEOC Notice, Doc. 1, at 38.)

In May 2006, Eng filed another complaint against the PA DOL and Scranton Service Center alleging workplace harassment due to her Jewish faith, along with a second claim alleging retaliation for her August 2005 complaint. (PHRC Compl. 200506664, Doc. 1, at 40-45.)  In this complaint, Plaintiff Eng alleges that her supervisor, Andrea Matter, threatened Plaintiff with discipline and termination if the Plaintiff asked for help with cases or made requests for either training or counseling. (*Id*.)  Plaintiff also alleges that she received a verbal warning from Matter and her manager, Joe Manley, in retaliation for her prior attempts to obtain help from Plaintiff's supervisor.  In contrast to the other PHRC complaints that Plaintiff attached to her Complaint in this case, no documentation has been provided to the Court regarding any action taken on this claim by either the PHRC or EEOC.

2

In December 2006, Eng filed another PHRC complaint against PA DOL, alleging religious discrimination and retaliation for her earlier PHRC complaints.  (PHRC Compl. 200601761, Doc. 1, at 51-57.)  This complaint arose out of Plaintiff Eng's receipt of a disciplinary letter for poor performance. (Id.) Plaintiff alleges that her non-Jewish co-workers also conducted poor phone interviews and were not similarly disciplined.  (*Id*.)  Plaintiff Eng also alleged in this complaint that she had received a performance review with an overall rating of "unsatisfactory" and that her non-Jewish co-workers similarly conducted poor phone interviews without receiving unsatisfactory performance reviews. (*Id*.) Given the timing of the disciplinary letter and poor performance review, Plaintiff Eng alleges that her manager and supervisor were retaliating for her prior PHRC activity. (*Id*.)  On August 23, 2007, the PHRC notified Plaintiff Eng that  this complaint had been dismissed for a failure to establish the probable cause required to credit the allegations of unlawful discrimination or retaliation. (Aug. 23, 2007 PHRC Letter, Doc. 1, at 28-29.)  On March 24, 2008, and again on April 7, 2008, the EEOC notified Plaintiff Eng that the PHRC decision had been adopted and informed her of her right to sue.  (April 7, 2008 EEOC Notice, Doc. 1, at 34; March 24, 2008 EEOC Notice, Doc 1, at 35.)

In February 2007, Eng filed another PHRC complaint against the Scranton Service Center, once again alleging religious discrimination and retaliation for previous PHRC filings. (PHRC Compl. 200604531, Doc. 1, at 58-62.)  This complaint was precipitated by Eng's receipt of a letter from the Department of Labor and industry notifying Eng that she had been given a "level 2 disciplinary action" for failure to communicate clearly and for providing poor customer service on telephone calls with clients in December 2006.  (*Id*.)  Plaintiff Eng alleged that this discipline amounted to discrimination against the Jewish faith because the

Plaintiff's non-Jewish co-workers treated claimants horribly without receiving similar discipline. (*Id.*) The Plaintiff further alleged that the disciplinary notice constituted retaliation for her earlier complaints to the PHRC because her supervisors were aware of the earlier complaints and she was the only employee singled out for discipline. (*Id.*) On October 4, 2007, the PHRC notified Plaintiff Eng that this complaint would be dismissed because the facts fo the case did not establish the probable cause required to credit the allegations of unlawful discrimination. (Oct. 4, 2007 PHRC Letter, Doc 1, at 30-31.) On April 29, 2008, the EEOC notified Plaintiff Eng that the PHRC decision had been adopted and notified her of her right to sue. (April 29, 2008 EEOC Notice, Doc. 1, at 36.)

Finally, in April of 2007, Eng filed her most recent PHRC complaint against both PA DOL and the Scranton Service Center alleging retaliation for Eng's prior PHRC filings. (PHRC Compl. 20060228, Doc. 1, at 63-67.) This complaint was filed after Plaintiff Eng received notice that she was discharged from her employment at the Scranton Service Center effective April 10, 2007. (*Id.*) The Plaintiff feels that her termination was a retaliatory action for her prior PHRC activity. (*Id.*) The PHRC dismissed the complaint on August 23, 2007, noting that the facts of the case did not establish the required probable cause to credit the allegations of discrimination. (Aug. 23, 2007 PHRC Letter, Doc. 1, at 32-33.) On March 31, 2008, the EEOC issued a notice that the PHRC decision had been adopted and notified Plaintiff Eng of her right to sue. (March 31, 2008 EEOC Notice, Doc. 1, at 39.)

Plaintiff filed her *pro se* Complaint with this Court on June 26, 2008, alleging that Defendants violated her rights under Title I of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"). (Doc. 1.) In this Complaint, the Plaintiff details her extensive filings with the PHRC and avers that these filings should have

4

also presented claims for disability discrimination.  (Id. at 3-7.)  The Plaintiff continues by describing a pattern of discrimination and harassment due to Plaintiff's  dyslexia, attention deficit disorder, and hearing loss.  (*Id.*)  Plaintiff further alleges that her co-workers and supervisors at the Scranton Service Center failed to accommodate her alleged disabilities in spite of Plaintiff's numerous requests for such accommodations. (*Id.*)  Because of this alleged discrimination, the Plaintiff asked this Court to award her thirty-five thousand dollars ($35,000) in back salary and forty-four thousand dollars ($44,000) in healthcare expenses. (*Id.* at 2.)   Plaintiff also requests that any negative comments be removed from her employment records. (*Id.*)

On July 31, 2008, Plaintiff Eng filed a letter and medical records with the Court to supplement her Complaint. (Doc. 9.)  In this letter, Plaintiff, for the first time in documents on file with this Court, avers that she has a history of heart problems that were an additional basis of discrimination at the Scranton Service Center.  (*Id.* at 1.)  According to Plaintiff, she asked her supervisors for help and accommodations so that Plaintiff would not feel stressed by the nature of Plaintiff's work or by the interpersonal difficulties that Plaintiff was experiencing with her co-workers.  (*Id.* at 1-2.)

Defendants filed their Motion to Dismiss or in the Alternative for a More Definite Statement (Doc. 13) on September 16, 2008.  Plaintiff filed a response to Defendants' motion on October 8, 2008. (Doc. 17.)   In her response, Plaintiff, for the first time in documents on file with this Court, alleges that her physician diagnosed the Plaintiff with a neurological impairment and that Defendants were made aware of this impairment. (*Id.* at 1.) Plaintiff further states, for the first time, in her response that she has been found disabled

due to reoccurring thyroid cancer that metastasized to the spine, bones and bone marrow, diabetic neuropathy, hypertension asthma, high cholesterol, and a brain cyst.  (*Id.* at 2.) Defendants did not file a reply to Plaintiff's filing.  Accordingly, the Defendants' motion has been appropriately briefed and is ripe for disposition.

## LEGAL STANDARD

### I.      Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element.  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the

6

complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## II.    Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Generally, motions for more definite statements are only granted when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith without prejudice to itself."

*Schmidt, Long & Assoc., Inc. v. Aetna U.S. Healthcare, Inc.*, No. CIV.A. 00-CV-3683, 2000 WL 1780231, at *2 (E.D. Pa. Dec. 4, 2000).  "Motions for a more definite statement are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." *Kasteleva v. Judge*, No. 3:05-CV-1739, 2006 U.S. Dist. LEXIS 24493, at *10 (M.D. Pa. Apr. 24, 2006).

## DISCUSSION

**I.      Federal Rule of Civil Procedure 12(b)(6)**

Defendants argue that the Plaintiff's claims brought pursuant to Title I of the Americans with Disabilities Act should be dismissed because the Plaintiff has not exhausted her administrative remedies.  The ADA requires that a plaintiff pursue administrative remedies before filing a complaint in court. *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir. 1999).  "Thus, a party who brings an employment discrimination claim under Title I of the ADA must follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5." *Id*. (citing *Bishop v. Okidata, Inc.*, 864 F.Supp. 416, 424 (D.N.J. 1994)).  "The jurisdictional prerequisites to a suit under Title VII are the filing of charges with the EEOC [or PHRC] and the receipt of the Commission's statutory notice of the right to sue." *Barnes v. Rozman*, 107 Fed. Appx. 273, 274 (3d Cir. 2004) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)).  "A potential plaintiff is required to file her charge regarding alleged violations of Title VII with the EEOC or the PHRC 'within 300 days from the alleged violation.'" *Id*. (quoting 29 C.F.R. § 1601.13(a)(4)(ii)(A)).  "The section of Title VII at issue here states that within 90 days after

8

the issuance of a right-to-sue letter 'a civil action may be brought against the respondent named in the charge.'" *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 (1984) (quoting 86 Stat. 106, 42 U.S.C. § 2000e-5(f)(1)).   "The failure to exhaust these administrative remedies is akin to failing to comply with a statute of limitations." *Barnes*, 107 Fed. Appx. at 274  (citing *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997)).

After reviewing the facts and procedural history in this case, the Court finds that the Plaintiff did not exhaust her administrative remedies with respect to her claims under Title I of the Americans with Disabilities Act.  Plaintiff Eng's employment at the Scranton Service Center was terminated on April 10, 2007.  While the Plaintiff did file a complaint with the PHRC well within the three hundred (300) day statutory filing period established by Title VII and applied to claims under the ADA, this complaint did not allege discrimination based on the Plaintiff's physical or mental disabilities.  Rather, the Plaintiff first advanced a claim of disability discrimination in her June 26, 2008 Complaint before this Court.  This failure to timely pursue administrative remedies with respect to Plaintiff's claims of disability discrimination amounts to a failure to comply with a statute of limitations.

The appropriate role for the Court when reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to determine whether a plaintiff is entitled to offer evidence in support of claims contained in the plaintiff's complaint.  *Scheuer*, 416 U.S. at 236.  Given the Plaintiff's failure to either timely pursue or exhaust her administrative remedies with respect to her potential claims under Title I of the Americans with Disabilities Act, the Court determines that Plaintiff Eng is not entitled to offer evidence in support of these claims and they will, accordingly, be dismissed.

The Plaintiff, did however, timely file numerous timely complaints with the PHRC with

9

respect to the alleged religious discrimination that she experienced as an employee at the Scranton Service Center.  Each of these complaints was denied by the PHRC, with the EEOC subsequently adopting the denial and informing the Plaintiff of her right to sue.  The Plaintiff received these notices from the EEOC between March 31, 2008 and May 1, 2008. Accordingly, the Plaintiff's June 26, 2008 Complaint before this Court was filed within the ninety (90) day Title VII filing period.  *See Baldwin County Welcome Center*, 466 U.S. at 149 (highlighting the 90 day post-notice filing period established by 42 U.S.C. § 2000e-5(f)(1)). Accordingly, Plaintiff's claims for religious discrimination under Title VII of the Civil Rights Act of 1964 and 1991 are not time-barred.  As the Plaintiff timely filed complaints with the appropriate administrative bodies and, upon learning of the final disposition of these administrative claims, timely filed her Complaint in the current case, the Court determines that Plaintiff Eng is entitled to present further evidence with respect to her claims of religious discrimination pursuant to Title VII.

## II.      Federal Rules of Civil Procedure 8 & 12(e)

As an alternative to their motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, Defendants request that the Court require the Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  In support of their motion for a more definite statement, Defendants argue that Plaintiff's Complaint does not give the Defendants fair notice of the Plaintiff's claims and the grounds upon which the Plaintiff's claims rest as required by Federal Rule of Civil Procedure 8(a).  Specifically, they note that the Plaintiff "merely alleges that she filed complaints and states legal theory without any of the grounds upon which she alleges those theories." (Defs.' Br. in Supp., Doc. 15 at 6.)  Defendants further state that "[i]t is unclear from the

10

complaint whether Eng now intends to set forth those disability claims she says should have been included in her administrative complaints, whether she is only setting forth those claims contained within her administrative complaints, or both." (Id.)

"A document filed *pro se* is 'to be liberally construed,'and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Federal Rule of Civil Procedure 8 sets up a liberal system of "notice pleading" and requires only that "a complaint include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting Fed.R.Civ.Pro. 8(a)(2)). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Applying the relevant standards to Plaintiff's Complaint and supplemental filings in this case, the Court finds that the Plaintiff's Complaint satisfies the very liberal standards for a *pro se* plaintiff under Rule 8. The Court recognizes Defendants' initial confusion regarding whether Plaintiff intended to set forth only the Title VII claims from her administrative complaints, the claims that Plaintiff said should have been included in her administrative

11

complaints, or both.  However, the Court's dismissal of the Plaintiff's time-barred ADA claims eliminates any such confusion with respect to what claims are now at issue in this case.  The only remaining claims in this case are the Plaintiff's original claims for relief pursuant to Title VII for the alleged religious discrimination she suffered as an employee at the Scranton Service Center.  Even though the Complaint filed before this Court focuses on the Plaintiff's now-dismissed ADA claims, the Complaint is supplemented by the Plaintiff's administrative filings detailing the religious discrimination and retaliation alleged by Plaintiff.  In short, while the Complaint is "inartfully pleaded," it does provide the Defendants with notice that the Plaintiff brings claims pursuant to Title VII and, through the supplemental administrative filings, alleges facts giving rise to these claims.  In light of the liberal pleading standards established by Rule 8 and Plaintiff's *pro se* status, the Court finds that the Defendants have been provided adequate notice of the Plaintiff's claims and the grounds upon which they rest.  Thus, Defendants' motion for a more definite statement pursuant to Rule 12(e) will be denied.

## CONCLUSION

For the reasons discussed above, Defendants Motion to Dismiss or in the Alternative For a More Definite Statement (Doc. 13) will be granted in part and denied in part.  The Court will grant Defendants' motion with respect to the claims brought by Plaintiff pursuant to Title I of the Americans with Disabilities Act, and will deny Defendants' alternative motion for a more definite statement.  Plaintiff's claims for disability discrimination brought pursuant to the Americans with Disabilities Act will be dismissed.  Plaintiff's claims with respect to

religious discrimination as prohibited by Title VII of the Civil Rights Act of 1964 and 1991 remain.

An appropriate order follows.


 November 19, 2008                                     /s/ A. Richard Caputo
Date                                                  A. Richard Caputo
                                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MERRYL SUE ENG,

     Plaintiff,

          v.

SCRANTON UC SERVICE CENTER, PA
DEP'T OF LABOR AND INDUSTRY

     Defendants.

NO. 3:08-CV-1213

(JUDGE CAPUTO)

## ORDER

**NOW**, this 19th day of November, 2008, **IT IS HEREBY ORDERED** that:

(1)    Defendants' motion to dismiss Plaintiff's Complaint with respect to claims brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 1211-12117, 12131-12134, is **GRANTED**.  Plaintiff's Complaint is **DISMISSED** with respect to claims brought pursuant to the Americans with Disabilities Act of 1990.

(2)    Defendants' motion for a more definite statement is **DENIED**.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge