# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRYL SUE ENG, | |
| Plaintiff, | NO. 3:08-CV-1213 |
| v. | (JUDGE CAPUTO) |
| SCRANTON UC SERVICE CENTER, PA DEP'T OF LABOR AND INDUSTRY | |
| Defendants. | |

## **MEMORANDUM ORDER**

Plaintiff, Merryl Sue Eng, proceeding *pro se*, commenced this action by filing a Complaint (Doc. 1) on June 26, 2008 through which she seeks to have this Court remove negative statements from her employment records at the Scranton UC Service Center ("Scranton Center") and award her thirty-five thousand dollars ($35,000) in back salary and forty-four thousand dollars ($44,000) in healthcare expenses.  Plaintiff claims that she is entitled to this relief under Title I of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII").  Plaintiff's Complaint details her extensive filings with the Pennsylvania Human Resources Commission ("PHRC") that alleged religious discrimination during her employment at the Scranton Center.  This Complaint also avers that her prior filings with the PHRC should have also presented claims for disability discrimination.  Subsequent to the filing of her Complaint, on July 31, 2008, Plaintiff filed a letter and medical records with the Court, for the first time in any documents presented, stating that she has a history of heart problems that were an additional basis of discrimination at the Scranton Center.

On September 16, 2008, Defendants filed their Motion to Dismiss of in the Alternative for a More Definite Statement (Doc. 13).  On October 8, 2008, the Plaintiff filed a response (Doc. 18) to Defendants' motion and, for the first time in documents on file with this Court, alleged that she had been diagnosed with a neurological impairment.  Plaintiff also stated for the first time that she has been found disabled due to reoccurring thyroid cancer, diabetic neuropathy, hypertension asthma, high cholesterol, and a brain cyst.

The Court reviewed Plaintiff's Complaint and subsequent, supplemental filings and provided these documents an extraordinarily liberal construction due to Plaintiff's *pro se* status.  As a result of this review, the Court determined that, with respect to her claims for disability discrimination, the Plaintiff had failed to timely exhaust her administrative remedies as required by the ADA.  Noting that the failure to exhaust these administrative remedies was akin to failing to comply with a statute of limitations, the Court issued an Order (Doc. 22) that granted Defendants' motion, in part, and dismissed Plaintiff's claims brought pursuant to the Americans with Disabilities Act.

On November 24, 2008, the Plaintiff filed the current motion to reconsider (Doc. 25). In this motion, Plaintiff urges the Court to reinstate her ADA claims due to two cases (PHRC 200704660 and 2007046783) that she filed with the PHRC in March, 2008 that are related to the disability claims she first articulated before this Court in her June 26, 2008 Complaint. Title VII establishes a three hundred (300) day filing period that is applied to claims brought under the Americans with Disabilities Act.  Plaintiff Eng's employment with the Scranton Center was terminated on April 10, 2007, and accordingly the last day on which she could timely file a claim under the ADA was February 4, 2008. Accordingly, the claims Plaintiff filed with the PRHC in March, 2008, containing references to disability discrimination were filed

2

well outside the statutory filing period.  Given the Plaintiff's failure to either timely pursue or exhaust her administrative remedies with respect to potential claims under Title I of the Americans with Disabilities Act, the Court determines, once again, that Plaintiff Eng is not entitled to offer evidence in support of these claims.  Accordingly, her motion for reconsideration (Doc. 25) of the Court's November 19, 2008 Order will be denied.  Plaintiff's claims for religious discrimination under Title VII of the Civil Rights Act of 1964 and 1991 were timely pursued and remain in this case.

**NOW**, this   5th   day of January, 2009, **IT IS HEREBY ORDERED** that Plaintiff's Motion/Petition (Doc. 25) to have the Court Reconsider its November 19, 2008 Order is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge